NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MARK FINCHEM, *Plaintiff/Appellant,*

*v.*

ADRIAN FONTES, et al., *Defendant/Appellee.*

No. 1 CA-CV 23-0383

FILED 06-13-2024

Appeal from the Superior Court in Maricopa County
No.  CV2022-053927
The Honorable Melissa Iyer Julian, Judge

**AFFIRMED**

COUNSEL

Wilenchik & Bartness, Phoenix
By Dennis I. Wilenchik
*Counsel for Plaintiff/Appellant*

Sherman and Howard, LLC, Phoenix
By Craig Alan Morgan, Shayna Stuart, Jake Tyler Rapp
*Counsel for Defendant/Appellee Adrian P. Fontes*

Arizona Attorney General's Office, Phoenix
By Kara Karlson, Kyle R. Cummings, Karen J. Hartman-Tellez
*Counsel for Defendant/Appellee Secretary of State*

---

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Michael J. Brown and Judge Andrew M. Jacobs joined.

---

**T H U M M A**, Judge:

¶1          Mark Finchem appeals from two awards of attorneys' fees as sanctions totaling $47,706.50 based on his filing of this election challenge without substantial justification. Because Finchem has shown no error, the sanctions are affirmed.

### FACTS AND PROCEDURAL HISTORY

¶2          Finchem, the Republican Party nominee for Arizona Secretary of State, lost the November 8, 2022, election by more than 120,000 votes. On December 9, 2022, while represented by attorney Daniel J. McCauley III, Finchem filed a Verified Statement of Election Contest (VSEC), challenging that result and requesting a special election. Finchem's amended VSEC asserted (1) misconduct and (2) illegal votes. *See* Ariz. Rev. Stat. (A.R.S.) § 16-673 (2024).[1] The amended VSEC named as contestees/defendants Adrian Fontes, officeholder-elect, and Katie Hobbs, in her official capacity as Arizona Secretary of State.

¶3          Defendants moved to dismiss, arguing the amended VSEC failed to state a claim upon which relief could be granted. Fontes asked the court to set a briefing schedule on attorneys' fees and sanctions "or award them if the Court believes the record already justifies doing so," while Hobbs reserved the right to seek attorneys' fees as sanctions "under Rule 11 . . . and A.R.S. § 12-349."

¶4          After oral argument, in a thirteen-page Rule 54(b) final judgment entered in late December 2022, the court granted the motions to dismiss. The judgment concluded that the amended VSEC "fail[ed] to state a meritorious challenge," "cannot sustain an election contest," and that the allegations are "not well-pled facts; they are legal conclusions masquerading as alleged facts." The judgment dismissed the amended

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

VSEC with prejudice, confirmed Fontes' election "as Arizona Secretary of State-Elect," and allowed defendants 10 days to move for sanctions.

¶5 Finchem timely appealed the December 2022 judgment. That appeal was stayed by agreement of the parties. In July 2023, Finchem filed an unopposed motion to dismiss that appeal, noting that "[a]fter a series of decisions in the Arizona appellate courts related to the 2022 statewide election" in Arizona, "whose allegations more or less mirror Mr. Finchem's, Appellant has decided to forego the appeal of his election contest dismissal." This Court dismissed that appeal, making the December 2022 judgment dismissing the amended VSEC with prejudice final. *City of Phoenix v. Sanner*, 54 Ariz. 363, 367 (1939) ("It is the universal rule that a judgment duly rendered, which has become final, is not subject to collateral attack, but may be questioned only in a direct proceeding of a proper nature.").

¶6 Meanwhile, in late December 2022, Fontes (joined by Hobbs) moved for sanctions against Finchem and McCauley under A.R.S. § 12-349 and Ariz. R. Civ. P. 11. Among other things, defendants argued Finchem and McCauley filed the case "either knowing the state of the law and choosing to ignore it, or without having bothered to even minimally review the applicable law." They also argued that Finchem and McCauley filed the case "without any justification, to harass the Defendants, undermine our democratic processes, and delay the peaceful transition of power after an otherwise valid and lawful election."

¶7 After full briefing, the superior court issued a lengthy order summarizing the claims and conduct by Finchem and McCauley, addressing the factors listed in A.R.S. § 12-350, and concluding that they filed the case "without substantial justification." Hobbs sought $7,434 in attorneys' fees, while Fontes sought more than $67,000 in attorneys' fees. The court later awarded Hobbs $7,434 in fees as a sanction against McCauley and awarded Fontes $40,272.50 in fees as a sanction against Finchem, both under A.R.S. § 12-349. After denying Finchem's motion for reconsideration, in May 2023, the court entered a final judgment reflecting those rulings. *See* Ariz. R. Civ. P. 54(c).

¶8 Finchem, while represented by McCauley, filed a timely notice of appeal challenging the sanctions awarded in the May 2023 judgment. This court has jurisdiction over Finchem's appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-120.21(A)(1).

¶9            After this appeal was fully briefed, McCauley applied to withdraw as counsel for Finchem, citing a conflict of interest based on State Bar of Arizona disciplinary matters. The court granted McCauley's application and gave Finchem additional time to retain new counsel. Dennis I. Wilenchik then timely filed a notice of appearance as counsel for Finchem. Although Finchem was afforded an opportunity to withdraw or amend the prior briefing, he did not do so. As noted below, however, at oral argument before this court, Wilenchik withdrew many of the arguments asserted in that prior briefing filed before he appeared as counsel for Finchem.[2]

## DISCUSSION

### I.    Finchem Has Waived Arguments He Seeks to Assert on Appeal.

¶10            Finchem's appellate briefs fail to comply with applicable procedural requirements. Both his opening and reply briefs fail to provide "appropriate references to the record" for purported facts. ARCAP 13(a)(5). Similarly, his opening brief seeks to re-argue whether laches barred his claims and whether the election was properly managed. But those issues were decided on the merits in the December 2022 judgment and cannot be challenged here. *City of Phoenix*, 54 Ariz. at 367. By failing to properly present these arguments, Finchem has waived the right to assert them. *Ritchie v. Krasner*, 221 Ariz. 288, 305 ¶ 62 (App. 2009). Finchem also failed to timely raise at least three of the six issues he attempts to argue on appeal.

¶11            Finchem first argues that "sanctions could not have [been] awarded" had the superior court "taken the facts in the" amended VSEC "as true" as required "with regard to a motion to dismiss." This argument, however, provides no grounds for reversal. This argument is based on the court dismissing his claims with prejudice in the December 2022 judgment, which is not subject to challenge here. *City of Phoenix*, 54 Ariz. at 367. To the extent he argues the superior court was required to accept as true his allegations in addressing sanctions, he has failed to provide any authority supporting such a proposition. Finally, in awarding sanctions, the superior

---

[2] McCauley has not sought to separately challenge the sanction against him individually in favor of Hobbs. Similarly, there has been no request or suggestion that a "culprit hearing" -- to determine the relative responsibility of a party, a party's attorney or both for sanctionable conduct -- was required. *See Estate of Brady v. Tempe Life Care Village, Inc.*, 254 Ariz. 122, 127 ¶ 20 n.3 (App. 2022) (citing *Marquez v. Ortega*, 231 Ariz. 437, 444 ¶¶ 25-28 (App. 2013)).

court noted that "[n]one of" the amended VSEC's "allegations, even if true, would have changed the vote count enough to overcome the 120,000 votes [Finchem] needed to affect the result of this election." This argument about how the superior court addressed Finchem's allegations provides no basis to conclude the court erred in awarding sanctions.

¶12        Finchem next argues that a candidate has "a free speech right to object to a chaotic and mismanaged election." Finchem waived any such argument in two different respects. Although listing this as an issue presented on appeal, Finchem fails to develop it in his brief, meaning it is waived. *See MacMillan v. Schwartz*, 226 Ariz. 584, 591 ¶ 33 (App. 2011) ("Merely mentioning an argument in an appellate opening brief is insufficient."). Finchem also failed to raise this argument in the superior court, waiving it there as well. *See Louis C. v. Dep't of Child Safety*, 237 Ariz. 484, 489 ¶ 20 (App. 2015) ("[This court] generally [does] not consider issues, even constitutional issues, raised for the first time on appeal.") (citations omitted); *accord Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265 ¶ 15 (App. 2004) (similar). And while Finchem is correct that he has a First Amendment right to speak out against chaotic and mismanaged elections, he has no right to file claims without substantial justification. *Accord Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 743 (1983) ("Just as false statements are not immunized by the First Amendment right to freedom of speech, baseless litigation is not immunized by the First Amendment right to petition.") (internal citations omitted).

¶13        Finally, Finchem argues that the superior court "abuse[d] its discretion when it validated the certification document despite the fact the signature did not comply with the requirements of the legislature in Title 16 or the federal election laws." Again, Finchem's opportunity to challenge that determination was in his appeal from the December 2022 judgment. However, he voluntarily dismissed that appeal, making it final and placing it beyond challenge here. *City of Phoenix*, 54 Ariz. at 367. Even if this argument was not barred, Finchem waived it by failing to raise it in superior court. *See Louis C.*, 237 Ariz. at ¶ 20; *Orfaly*, 209 Ariz. at 265 ¶ 15.

## II. A.R.S. § 12-349 Authorizes Sanctions in an Election Contest.

**¶14** Briefs filed on behalf of Finchem by McCauley argued that sanctions can never be imposed in election contests and that "the Arizona Rules of Civil Procedure do not apply to election contests." At oral argument before this court, however, Wilenchik withdrew those arguments. Accordingly, the court addresses Finchem's remaining arguments regarding the sanction award.

**¶15** Sanctions in the form of attorneys' fees were awarded under A.R.S. § 12-349. Given the sanction award here, in applicable part, that statute states:

> Except as otherwise provided by and not inconsistent with another statute, in any civil action commenced or appealed in a court of record in this state, *the court shall assess reasonable attorney fees,* expenses and, at the court's discretion, double damages of not to exceed five thousand dollars against an attorney or party, including this state and political subdivisions of this state, if the attorney or party does any of the following:
>
> 1. Brings or defends a claim without substantial justification.

A.R.S. § 12-349(A)(1) (emphasis added). A.R.S. § 12-349(A) broadly applies, by its own terms, to "any civil action" filed in superior court, a court of record, Arizona Constitution Article VI § 30, including election actions.

## III. Finchem Has Shown No Error in the Superior Court Imposing Sanctions Under A.R.S. § 12-349.

**¶16** For sanctions to be proper under A.R.S. § 12-349(A)(1), defendants had to show by a preponderance of the evidence that the election contest was brought without substantial justification. *See Phx. Newspapers, Inc. v. Dep't of Corr.*, 188 Ariz. 237, 244 (App. 1997) (construing prior version of A.R.S. § 12-349). This court reviews the evidence in a light most favorable to sustaining the sanction award, affirming unless the superior court's findings are clearly erroneous. *Id.* at 243-44. The superior court found the election contest was filed "without substantial justification" by measuring the facts against the requirements of A.R.S. § 12-349 and

applying the factors in A.R.S. § 12-350. Finchem challenges the court's analysis and conclusion on various grounds, addressed separately here.

### A.      The Superior Court Was Not Required to Find that Finchem Acted with "Harassing Intent."

**¶17**      Finchem argues sanctions were improper absent "a showing of harassing intent," adding the superior court did not "find[] that Mr. Finchem intended to file a meritless lawsuit for the purpose of harassing Hobbs or Fontes." Intent, however, is not required for sanctions under A.R.S. § 12-349 and is not a factor listed in A.R.S. § 12-350. Moreover, a dozen years ago, "harassment" was removed from the definition of "without substantial justification" under A.R.S. § 12-349. *See* 2012 Ariz. Sess. Laws, ch. 305, § 2. Thus, Finchem's argument based on a lack of intent (harassing or otherwise) is misplaced. Instead, by statute, "'without substantial justification' means that the claim or defense is groundless and is not made in good faith." A.R.S. § 12-349(F).

### B.      The Superior Court Did Not Err in Finding Finchem's Claims Were Groundless.

**¶18**      Whether a claim is groundless under A.R.S. § 12-349 is an objective determination. *Rogone v. Correia*, 236 Ariz. 43, 50 ¶ 22 (App. 2014). A claim is groundless if the proponent is unable to present any rational argument, based on the law or the evidence, supporting the claim. *Id.* (quoting *Evergreen W., Inc. v. Boyd*, 167 Ariz. 614, 621 (App. 1991)).

**¶19**      In finding Finchem's claims were groundless, the superior court properly noted sanctions in election cases are, and should be, rare, given "the potential chilling effect a sanctions award may have on legitimate challenges in the future." With that starting point, however, the court then looked at the record and concluded Finchem's claims were groundless.

**¶20**      After summarizing the allegations in the amended VSEC, the superior court concluded that none of the alleged "misconduct presented a 'fairly debatable' election challenge as Finchem did not and could not allege that any of these acts rendered uncertain the outcome of an election he lost by over 120,000 votes." Finchem has not shown that was wrong. Instead, for the first time in his reply brief on appeal, Finchem argues that the amended VSEC "specifically called into question more than 261,000 votes." By first pressing that argument in his reply brief on appeal, it is waived. *See State v. Guytan*, 192 Ariz. 514, 519 ¶ 15 (App. 1998). Waiver aside, the argument is not supported. Nowhere does the amended VSEC assert that

261,000 votes were missing or cast illegally, instead addressing 60,000 votes in Maricopa County and 20,000 votes in Pima County – a total of 80,000. That number is still 40,000 votes less than what Finchem would have needed to challenge the results of an election he lost by more than 120,000 votes.

¶21 At oral argument before this court, Finchem continued to assert that "he did not just allege, as the court held, . . . that there were 80,000 votes [] he was contesting," arguing that post-filing "newly discovered evidence was presented at the time of the sanction." Finchem also argued that his motion to reconsider "brought forth evidence" that the court did not properly consider showing "for the purposes of sanctions another . . . 290,000 [votes] through a failure to follow the chain of custody . . . and another 300,000 signature verification issues." Claimed post-filing evidence, however, is not dispositive; the question is whether Finchem *brought* his claim without substantial justification. *See* A.R.S. § 12-349(A)(1) (authorizing, as applicable here, sanctions "if the attorney or party . . . [b]rings . . . a claim without substantial justification."). Nor was the superior court required to consider evidence first presented in a motion to reconsider. *See Brookover v. Roberts Enters., Inc.*, 215 Ariz. 52, 57 ¶ 17 n.2 (App. 2007). Finchem has not cited, nor has this court found, any authority requiring the superior court, when applying A.R.S. § 12-349, to accept as true factual allegations in a pleading, which would appear to be antithetical to A.R.S. § 12-349. Thus, the superior court did not err in failing to consider or analyze new evidence attached to Finchem's motion for reconsideration.

¶22 The superior court also found that Finchem failed to articulate "how voting software caused illegal votes to be cast." He alleged no specific evidence as to how the machines malfunctioned or how the malfunctions changed the outcome. Specifically, the court found, Finchem "offered no tether" between the alleged voting "machine malfunctions and the outcome of the election he challenged here." On this record, Finchem has not shown that the superior court erred in finding his claims were groundless.

### C. The Superior Court Did Not Err in Finding Finchem's Election Contest Was Not Filed in Good Faith.

¶23 The superior court found that Finchem filed this case "without substantial justification" under A.R.S. § 12-349(A)(1). As applicable here, that statute declares that "'without substantial justification' means that the claim . . . is groundless and is not made in good faith." A.R.S. § 12-349(F). The Arizona Supreme Court recently clarified that assessing whether a claim is not made in good faith under this statute is an objective

inquiry. *See Arizona Republican Party v. Richer*, 547 P.3d 356, 368 ¶ 40 (Ariz. 2024) ("Courts should evaluate the absence of good faith under § 12-349(A)(1) objectively – consistent with the Arizona Rule of Civil Procedure 11 standard – which 'is not based on whether an attorney subjectively pursues claims in good faith, but instead is judged on an objective standard of what a professional, competent attorney would do in similar circumstances.'") (citation omitted). "A claim is 'not made in good faith' if (1) it is groundless and (2) the party or attorney knows or should know that it is groundless, or is indifferent to its groundlessness, but pursues it anyway." *Id.* at 367 ¶ 38.

¶24        The superior court found that Finchem's claim was not made in good faith because: (1) the amended VSEC challenged 80,000 votes, far less than the than 120,000 margin of the election; (2) the amended VSEC made demonstrably false assertions; (3) "the decision to pursue his claims without regard to contrary evidence strongly suggests that this election contest was not motivated by a sincere belief that the error alleged affected the election result;" (4) McCauley failed to "conduct a reasonable investigation to determine whether and to what extent viable challenges to the election could be asserted on Finchem's behalf;" (5) the amended VSEC ignored "Arizona cases establishing that an election contest requires not only alleged acts of misconduct, but also evidence that the misconduct or irregularities complained of rendered the outcome of the election uncertain;" and (6) McCauley personally told the superior court during oral argument that he knew the filing lacked merit, stating he was "less at risk of being disbarred as a result of the filing given his impending retirement."[3]

¶25        Although Finchem broadly argues his challenge was not filed in bad faith, he does not challenge any of the specific findings supporting a conclusion that he failed to act in good faith. Nor does he claim that any finding was clearly erroneous, based on the record presented. Finchem has not shown that the superior court erred in finding his claims were not filed in good faith.

### D. The Superior Court Did Not Err in Imposing the Specific Sanctions Finchem Challenges.

¶26        The superior court made detailed findings addressing the A.R.S. § 12-350 factors and Finchem does not argue that the court failed to

---

[3] Given that the parties did not provide a transcript of that oral argument, this court presumes the transcript would support the superior court's ruling. *See Cullison v. City of Peoria*, 120 Ariz. 165, 168 n.2 (1978).

properly apply that statute. Nor does Finchem claim that the amount of sanctions imposed was excessive. In imposing sanctions, the superior court significantly reduced the fees requested by Fontes. On this record, the superior court did not err in awarding Hobbs $7,434 in attorneys' fees as a sanction against McCauley and awarding Fontes $40,272.50 as a sanction against Finchem, both pursuant to A.R.S. § 12-349, with interest accruing at 9.25 percent until paid. *See Bennett v. Baxter Group, Inc.*, 223 Ariz. 414, 422 ¶¶ 31-32, 35 (App. 2010) (finding that, after viewing the evidence in a manner most favorable to sustaining the award, the superior court reasonably could have found record-supported sanctions under A.R.S. § 12-349).

## IV.    Sanctions on Appeal.

**¶27**        Fontes' answering brief seeks sanctions on appeal against Finchem and McCauley under ARCAP 25 and A.R.S. § 12-349. Finchem's reply brief does not address, or dispute, the request. Setting aside the standards for sanctions under ARCAP 25, the record shows that Finchem's appeal was "without substantial justification" and "unreasonably expands or delays the proceeding." A.R.S. § 12-349(A)(1) & (3). While the "statute refers only to the bringing of a claim, thus implying that a party's conduct in *maintaining* the action is immune from sanction . . . the statute is most reasonably construed to also apply to attorneys or parties who maintain sanctionable claims." *Richer*, 547 P.3d at 368 ¶ 41.

**¶28**        Looking at the factors specified in A.R.S. § 12-350, Finchem's appeal: (1) sought to challenge the December 2022 judgment, which was final and beyond challenge long before this appeal was taken; (2) miscited authority for propositions that were never supported or have changed given statutory amendment; (3) sought to extend (and expand) the arguments being asserted and failed to account for arguments that were not valid, not factually supported or reasonably applicable; and (4) did not prevail and resulted in the superior court's sanction decision being affirmed in its entirety. *See* A.R.S. § 12-350 (1), (2), (3), (6), (7) & (8). To be sure, the relevant financial positions of the parties and whether this appeal was taken in bad faith (contrast to whether this case was not filed in good faith) are unclear based on the record presented. *See* A.R.S. § 12-350(4) & (5). Having considered all these factors, however, the court concludes that sanctions, in the form of a portion of Fontes' reasonable fees incurred on appeal, are

appropriate under A.R.S. § 12-349(A)(3).[4] Accordingly, Fontes is awarded a portion of his reasonable attorneys' fees incurred on appeal, as well as any taxable costs incurred on appeal, contingent on compliance with ARCAP 21.

## CONCLUSION

¶29     The judgment is affirmed.



---

[4] Because this court has determined that sanctions are appropriate under A.R.S. § 12-349(A)(3), it need not address whether sanctions would be appropriate under A.R.S. § 12-349(A)(1) or ARCAP 25.